UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Norfolk Division

PARAMOUNT INVESTMENTS, LLC, )
        Plaintiff, )
         )
v. ) Civil Action No. 2:22cv158
         )
VICTOR FAISON, )
        Defendant. )
         )

**MEMORANDUM OPINION**

Victor Faison ("Mr. Faison"), appearing *pro se*, filed an application to proceed *in forma pauperis* ("IFP Application"), along with a proposed Petition for Removal of Action. IFP Appl., ECF No. 1; Pet. Removal Action, ECF No. 1-1. Based on the financial information contained in Mr. Faison's IFP Application, the Court is satisfied that Mr. Faison qualifies for *in forma pauperis* status. Accordingly, Mr. Faison's IFP Application, ECF No. 1, will be GRANTED, and the Clerk will be DIRECTED to file Mr. Faison's Petition for Removal of Action. However, for the reasons set forth below, the Court finds that it lacks subject matter jurisdiction over this action. Therefore, the Court will REMAND this case to the Norfolk General District Court.

**I. BACKGROUND AND DISCUSSION**

On or about February 14, 2022, Paramount Investments, LLC ("Paramount") filed an unlawful detainer action, Case No. GV22002425-00, against Carolyn Brown in the Norfolk General District Court. *See* Summons Unlawful Detainer, ECF No. 1-2. Mr. Faison seeks to remove the state court action to this Court and claims that the state court proceeding violates his rights under federal law.[1] Pet. Removal Action at 1-5.

---

[1] In his filing, Mr. Faison does not explain his connection to Carolyn Brown. *See* Pet. Removal Action at 1-5.

Upon review, the Court finds that it lacks subject matter jurisdiction over this action. Federal courts are courts of limited jurisdiction, meaning that a federal court is only empowered to consider certain types of claims. *United States ex rel. Vuyyuru v. Jadhav*, 555 F.3d 337, 347 (4th Cir. 2009). A federal court has subject matter jurisdiction over civil cases (i) "arising under the Constitution, laws, or treaties of the United States" ("federal question jurisdiction"); and (ii) in which the amount in controversy exceeds $75,000, exclusive of interest and costs, and in which diversity of citizenship exists between the parties ("diversity jurisdiction"). 28 U.S.C. §§ 1331, 1332.

"A defendant is permitted to remove a state court action to federal court only if the plaintiff could have originally filed such action in federal court." *Fannie Mae v. Young*, No. 2:12cv471, 2013 U.S. Dist. LEXIS 143327, at *6 (E.D. Va. Aug. 12, 2013); *see* 28 U.S.C. § 1441(a). "Because removal jurisdiction raises significant federalism concerns, [the court] must strictly construe removal jurisdiction . . . [and] any doubts about the propriety of removal should be resolved in favor of remand to state court." *Dominion Pathology Labs, P.C. v. Anthem Health Plans of Va., Inc.*, 111 F. Supp. 3d 731, 735 (E.D. Va. 2015) (first alteration in original) (citing *Dixon v. Coburg Dairy, Inc.*, 369 F.3d 811, 816 (4th Cir. 2004); *Mulcahey v. Columbia Organic Chems. Co.*, 29 F.3d 148, 151 (4th Cir. 1994)).

Courts have an "independent duty to ensure that jurisdiction is proper and, if there is a question as to whether such jurisdiction exists, [they] must 'raise lack of subject-matter jurisdiction on [their] own motion,' without regard to the positions of the parties." *Mosley v. Wells Fargo Bank, N.A.*, 802 F. Supp. 2d 695, 698 (E.D. Va. 2011) (citing *Ins. Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 702 (1982)); *see Plyler v. Moore*, 129 F.3d 728, 731 n.6 (4th Cir. 1997) ("[Q]uestions concerning subject-matter jurisdiction may be raised at any time by either party or sua sponte by [the] court."). With respect to actions that are removed from

state court to federal court, 28 U.S.C. § 1447(c) provides that "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded" to state court.   28 U.S.C. § 1477(c).

Here, the Court finds that it cannot exercise diversity jurisdiction over this action because Mr. Faison has not established that diversity of citizenship exists between the parties.  *See* Civil Cover Sheet at 1, ECF No. 1-5 (providing a Virginia address for Mr. Faison); State Corporation Commission Clerk's Information System, https://cis.scc.virginia.gov/EntitySearch/BusinessInformation?businessId=422845&source=FromEntityResult&isSeries%20=%20false (last visited Aug. 30, 2022) (identifying Paramount as a Virginia limited liability company with a principal office in Virginia).  The Court further finds that it cannot exercise federal question jurisdiction over this action.  As explained above, this matter involves a claim for unlawful detainer—a claim that arises solely under Virginia law.[2]

Under these circumstances, the Court finds that it lacks subject matter jurisdiction over this action, and as a result, this action will be REMANDED to the Norfolk General District Court. *See Fannie Mae*, 2013 U.S. Dist. LEXIS 143327, at *12-17 (remanding an unlawful detainer action to state court based on a lack of subject matter jurisdiction).

---

[2] In the Petition for Removal of Action, Mr. Faison refers to various constitutional provisions and federal laws that Mr. Faison believes should prevent the unlawful detainer proceeding from moving forward.  Pet. Removal Action at 1-5.  To the extent that Mr. Faison intends to argue that this Court may exercise federal question jurisdiction over this action because Mr. Faison seeks to assert federal defenses to the unlawful detainer claim, this Court has explained:

> "Under what has become known as the well-pleaded complaint rule, § 1331 federal question jurisdiction is limited to actions in which the plaintiff's well-pleaded complaint raises an issue of federal law." "[A]ctions in which defendants merely claim a substantive federal defense to a state-law claim do not raise a federal question."  Accordingly, when determining whether a claim arises under federal law, the Court must examine "allegations of the complaint and ignore potential defenses."  Thus, when determining whether federal jurisdiction exists, the Court does not consider . . . affirmative defenses under federal law.

*Fannie Mae v. Young*, No. 2:12cv471, 2013 U.S. Dist. LEXIS 143327, at *13-14 (E.D. Va. Aug. 12, 2013) (citations omitted).

## II.  CONCLUSION

For the reasons set forth above, Mr. Faison's IFP Application, ECF No. 1, will be GRANTED, and the Clerk will be DIRECTED to file Mr. Faison's Petition for Removal of Action. However, the Court finds that it lacks subject matter jurisdiction over this action.  Accordingly, the Court will REMAND this case to the Norfolk General District Court.

An appropriate Order shall issue.

                                                   /s/
Roderick C. Young
United States District Judge

Richmond, Virginia
August 30, 2022